1   Peter R. Ginsberg
    (Pro Hac Vice Pending)
2   prginsberg@sullivanlaw.com
    Michell C. Stein
3   mstein@sullivanlaw.com
    Clark A. Freeman
4   cfreeman@sullivanlaw.com
    **SULLIVAN & WORCESTER LLP**
5   1633 Broadway, 32nd Floor
    New York, New York  10019
6   (212) 660-3000; (212) 660-3001 fax

7   Scott L. Metzger (Bar No. 89718)
    metzger@dsmw.com
8   William P. Keith (Bar No. 270587)
    keith@dsmw.com
9   **DUCKOR SPRADLING METZGER &
    WYNNE**
10  A Law Corporation
    101 West Broadway, Suite 1700
11  San Diego, California 92101
    (619) 209-3000; (619) 209-3043 fax

12  Attorneys for Plaintiff
13  KAWHI LEONARD

14              UNITED STATES DISTRICT COURT

15            SOUTHERN DISTRICT OF CALIFORNIA

16

17  KAWHI LEONARD,                  CASE NO.: **'19CV1035 BAS BGS**

18              Plaintiff,          COMPLAINT FOR:

19       v.                        DECLARATORY RELIEF

20  NIKE, INC.                     [JURY TRIAL DEMANDED]

21              Defendant.

22                                 Action Filed:
                                   Trial Date: None set
23

24          Plaintiff KAWHI LEONARD ("Plaintiff" or "Leonard"), an individual, by

25  and through his undersigned attorneys, hereby alleges as follows against Defendant

26  NIKE, INC. ("Defendant" or "Nike"):

27  ///

28  ///

## INTRODUCTION

1.       In 2011, just after being drafted to the National Basketball Association (the "NBA"), Kawhi Leonard authored a unique logo that included elements that were meaningful and unique to him.  Leonard traced his notably large hand, and, inside the hand, drew stylized versions of his initials "KL" and the number that he had worn for much of his career, "2."  The drawing Leonard authored was an extension and continuation of drawings he had been creating since early in his college career.

2.       Several years later, as part of an endorsement deal with Nike, Leonard allowed Nike to use on certain merchandise the logo he created while Leonard continued to use the logo on non-Nike goods.

3.       Unbeknownst to Leonard and without his consent, Nike filed an application for copyright registration of his logo and falsely represented in the application that Nike had authored the logo.

4.       Leonard intends to use the logo on clothing lines, footwear and on other products and, among other things, in connection with sports camps and charity functions, but Nike explicitly has objected to such uses.

5.       As set forth below, Leonard brings this action seeking a declaratory judgment of non-infringement and that Leonard is the author of the logo and Nike, in registering for copyright of Leonard's logo, committed fraud on the Copyright Office.

## JURISDICTION AND VENUE

6.       This Court has original subject matter jurisdiction over Leonard's claims pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, as well as under 28 U.S.C. § 1338.

7.       Personal jurisdiction exists over Nike pursuant to California Code of Civil Procedure § 410.10.

///

8.      Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b), because certain events giving rise to the claims made herein occurred in this Judicial District, Plaintiff at relevant times has resided in this Judicial District, and Defendant regularly conducts business in this Judicial District.

## THE PARTIES

9.      Kawhi Leonard is an American professional basketball player and was at times mentioned herein a resident of the County of San Diego, California.

10.     Defendant Nike, Inc. is now, and was at all times relevant herein, a United States multinational corporation that is engaged in the design, development, manufacturing and worldwide marketing and sale of footwear, apparel, equipment and accessories.  Nike is headquartered in the State of Oregon and is the world's largest supplier of athletic shoes and apparel.

11.     Upon information and belief, Nike regularly transacts business in the State of California and in this Judicial District.

## FACTS

**A.      Background**

12.     Kawhi Leonard is an American professional basketball player currently playing for the Toronto Raptors of the NBA.

13.     After graduating High School, Leonard went on to play basketball for San Diego State University before entering the 2011 NBA draft.

14.     Leonard was initially selected by the Indiana Pacers but was traded on draft night to the San Antonio Spurs.  Leonard played for the Spurs for seven seasons, including the team's NBA Championship season in 2014.  At the conclusion of the NBA Finals in 2014, Leonard was named NBA Finals MVP, the third-youngest player to win the award.  In 2018, Leonard was traded to the Raptors

15.     Leonard is known for his extremely large hands.  Throughout his career, spectators have noticed Leonard's large hands and they are often described as contributing to his success as a player.

COMPLAINT FOR DECLARATORY RELIEF [JURY TRIAL DEMANDED]            Case No.
1763779v1

16.    Leonard has worn jersey number "2" through much of his career and, at times before that, the number "22."

**B.    Leonard Authors the Logo**

17.    Since at least his college years, Leonard contemplated and conceived of ideas for a personal logo which would be unique to him and reflect something meaningful relating to his own image.

18.    In late December 2011 or January 2012, Leonard refined a logo he had been creating for several years that encompassed his large and powerful hands, his initials and his jersey number (the "Leonard Logo").

19.    Leonard shared his original work of authorship with family and friends, solicited the advice and expertise of a creative designer, received comments and suggestions, and made modifications to his design.

**C.    Leonard and Nike**

20.    On October 26, 2011, Nike and Leonard signed a "Men's Pro Basketball Contract" (the "Nike Agreement").

21.    The Nike Agreement term was from October 1, 2011 to September 30, 2014, and thereafter extended in a series of agreements finally expiring on September 30, 2018.

22.    The purpose of the Nike Agreement was for Leonard to provide "personal services and expertise in the sport of professional basketball and endorsement of the Nike brand and use of Nike products."

23.    At some point during the term of the Nike Agreement, Nike began discussions with Leonard about creating a unique logo to affix to merchandise to be sold under the Nike Agreement.

24.    Nike provided to Leonard its ideas for modifying the logo that Leonard had designed.

///

///

COMPLAINT FOR DECLARATORY RELIEF [JURY TRIAL DEMANDED]                    Case No.
1763779v1

25.    Leonard for the most part rejected Nike's concepts and, instead, forwarded to Nike the Leonard Logo which Leonard said he would permit Nike to use during the term of the Nike Agreement (under his supervision and control).

26.    Nike reviewed the Leonard Logo, modified it, and returned pro formas to Leonard in the Spring 2014.

27.    Leonard rejected those proposals as well.

28.    In early Summer 2014, Nike provided additional proposals to Leonard using the Leonard Logo.

29.    Leonard accepted one of the June 2014 proposals and granted Nike permission to affix that logo, based upon the Leonard Logo, on Nike merchandise during the term of the Nike Agreement.

30.    Nike confirmed that the agreed-upon logo had not previously been registered by any third-party.

31.    At the same time, Leonard's representatives confirmed that Leonard continued to own the Leonard Logo.

32.    Leonard never transferred the rights to the Leonard Logo to Nike – conversely, as the many communications, including text and e-mails show, Leonard permitted Nike to use the Leonard Logo for their mutual benefit and for the specific purpose of effectuating the Nike Agreement for the term of the contract.

33.    Indeed, Nike representatives recognized Leonard's rights to the Leonard Logo – referring to it as "Kawhi's logo" in written communications with Leonard.

34.    Leonard, without dispute or challenge from Nike, continued to use the Leonard Logo on non-Nike goods, including apparel and merchandise used for basketball camps, appearances and charity events, even while Nike was affixing Leonard's Logo to Nike merchandise.

35.    Consistent with Nike's position as a party without any ownership in the Leonard Logo, Nike refused to act several times when Leonard's

1  representatives learned that third-parties were using the Leonard Logo without

2  authorization and reached out to Nike for assistance and advice in halting the

3  unauthorized use.

4  **D.    Nike's Copyright Registration**

5      36.    Without Leonard's knowledge or consent, Nike filed an application

6  with the United States Copyright Office to register the "Kawhi Leonard Logo."

7      37.    On or about May 11, 2017, the application was granted and the

8  Leonard Logo was given Registration No. VA0002097900.

9      38.    On the application, Nike claimed authorship of the Logo and rights

10  and permissions to the Leonard Logo.

11      39.    Further, Nike claimed that the Leonard Logo was authored in 2014 and

12  first published on October 28, 2014.

13      40.    Nike's claim to ownership of the Leonard Logo is premised on the

14  false representations Nike made in its copyright application that it authored the

15  logo.

16      41.    Nike never notified Leonard of its intention to attempt to copyright the

17  Leonard Logo nor did it notify Leonard when the copyright was awarded.

18  **E.    Leonard's Trademark Registration**

19      42.    On November 9, 2017, Leonard applied for, and subsequently received

20  registration of, two trademarks in three different categories of registration

21  consisting of, and inspired by, Leonard's creation of the  Leonard Logo, one an

22  image of his hand, his initials and jersey number and a second logo based upon

23  letters and numbers corresponding to Leonard's initials and jersey number (the

24  "Leonard Trademarks").

25      43.    As set forth above, Leonard had been developing, and authored, the

26  Leonard Logo on his own, independent of Nike, and continued to use the Leonard

27  Logo for non-Nike products while also permitting Nike to borrow the Leonard

28  ///

COMPLAINT FOR DECLARATORY RELIEF [JURY TRIAL DEMANDED]                Case No.
1763779v1

1  Logo in his joint pursuit with Nike to merchandise products within the scope of the

2  Nike Agreement and for the term of the Nike Agreement.

3  **F.      The Controversy**

4        44.    Leonard intends in the near future to use the Leonard Logo on apparel

5  and footwear that he is actively developing and intends to bring to market and to

6  affix on items he intends to distribute in connection with sports camps and charity

7  events, and to affix on other products to be determined.   Use of the Leonard Logo

8  is vital to Leonard's ability to continue to grow his brand and expand both his

9  commercial reach and influence with charities with which he is involved.

10       45.    On December 21, 2018, John Matterazzo, Nike's VP & Global

11  Counsel for Sports Marketing, wrote to one of Leonard's representatives, stating

12  that Nike owns the Leonard Logo pursuant to the Nike Agreement and Nike's

13  copyright registration of the Leonard Logo.  Matterazzo demanded that Leonard

14  cease using the Leonard Logo on non-Nike merchandise.

15       46.    On January 30, 2019, Leonard's counsel responded by requesting that

16  Nike rescind its copyrights in the Leonard Logo and informing Nike that Leonard

17  intended to continue to use the Leonard Logo and Leonard Trademarks on non-

18  Nike merchandise and might affix the Leonard Logo and Leonard Trademarks to

19  the shoes he would be wearing as a player for the Raptors.

20       47.    On March 11, 2019, Nike responded that it owns all intellectual

21  property rights in the Leonard Logo and demanding that Leonard immediately

22  cease and desist from what Nike claimed was the unauthorized use of the Leonard

23  Logo.

24                          **<u>CLAIM FOR RELIEF</u>**

25                          (Declaratory Judgment)

26       48.    Plaintiff incorporates by reference each and every allegation in the

27  foregoing paragraphs of this Complaint.

28  ///

49.    An actual controversy exists as a result of Defendant's filings with the Copyright Office, Leonard's intentions, established plans and need to use the Leonard Logo on products, and Defendant's demands that Leonard cease and desist from using the Leonard Logo.

50.    Plaintiff authored and owns the Leonard Logo.

51.    Defendant did not author the Leonard Logo.

52.    To the extent Defendant contributed any effort to the creation of the Leonard Logo, such efforts did not constitute copyrightable material and/or constitute a "work for hire" within the meaning of 17 U.S.C. §101.

53.    Defendant has no rights in the Leonard Logo.

54.    Defendant is not entitled to copyright registration of the Leonard Logo.

55.    Defendant defrauded the Copyright Office by intentionally misrepresenting the author of the Leonard Logo.

56.    As a consequence of the foregoing, Plaintiff seeks a declaratory judgment that (i) Leonard is the sole author of the Leonard Logo; (ii) Leonard's use of the Leonard Logo does not infringe any rights of Nike, including without limitation any rights Nike may claim to possess with respect to the Leonard Logo; and (iii) Defendant committed fraud on the Copyright Office in registering the Leonard Logo.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

(a)    For a declaration pursuant to, inter alia, 17 U.S.C. §§ 101 and 201(a) that:

(i)    Leonard is the sole author of the Leonard Logo;

(ii)    Leonard's use of the Leonard Logo does not infringe any rights of Nike, including without limitation any rights Nike may claim to possess with respect to the Leonard Logo; and

1

             (iii)    Defendant committed fraud on the Copyright Office in

2

                   registering the Leonard Logo; and

3

    (b)     Any such other and further relief as this Court deems just and proper.

4

### **DEMAND FOR JURY TRIAL**

5

Plaintiff Kahwi Leonard, an individual, hereby demands a jury trial.

6

7

DATED: June 3, 2019            **SULLIVAN & WORCESTER LLP**

8

                               By:   PETER R. GINSBERG
                                  (PRO HAC VICE PENDING)

9

                                  MITCHELL C. STEIN
                                  CLARK A. FREEMAN

10

11

                           **DUCKOR SPRADLING METZGER & WYNNE**

12

                         A Law Corporation

13

14

                         By: /s/ Scott L. Metzger

15

                               SCOTT L. METZGER
                               WILLIAM P. KEITH

16

17

                       Attorneys for Plaintiff
                       KAWHI LEONARD

18

19

20

21

22

23

24

25

26

27

28