SULLIVAN & WORCESTER LLP
Peter R. Ginsberg (Bar No. 1831221)
prginsberg@sullivanlaw.com
Mitchell C. Stein (Bar No. 2250546) *(admitted pro hac vice)*
mstein@sullivanlaw.com
1633 Broadway
New York, NY 10019
Tel: 212.660.3000
Fax: 212.660.3001

Nathaniel R.B. Koslof (Bar No. 691096) *(admitted pro hac vice)*
nkoslof@sullivanlaw.com
One Post Office Square
Boston, MA 02109
Tel.: 617.338.2800
Fax.: 713.338.2880

DUCKOR SPRADLING METZGER AND WYNNE
Scott L. Metzger (Bar No. 89718)
metzger@dsmwlaw.com
3043 4th Avenue
San Diego, CA 92103
Tel.: 619.209.3000
Fax: 619.209.3043

William Patrick Keith (Bar No. 270587)
keith@dsmw.com
101 W. Broadway, Suite 1700
San Diego, CA 92101
Tel.: 619.209.3000
Fax: 619.209.3042

*Attorneys for Plaintiff Kawhi Leonard*

**UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KAWHI LEONARD,

Plaintiff,

v.

NIKE, INC.,

Defendant.

Case No. 3:19-cv-01035-BAS-BGS

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

# PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS

Plaintiff Kawhi Leonard ("Plaintiff" or "Leonard") hereby submits this answer (the "Answer") to the counterclaims asserted by Defendant Nike, Inc. ("Defendant" or "Nike") in Defendant's *Answer and Counterclaim to Complaint for Declaratory Relief* dated July 17, 2019 (the "Counterclaims") [Dkt. No. 16].

1. Plaintiff denies each allegation in Paragraph 1 of the Counterclaims.

2. Plaintiff denies each allegation in Paragraph 2 of the Counterclaims.

3. Paragraph 3 of the Counterclaims contains a summary of Defendant's counterclaims to which no response is required. To the extent Paragraph 3 makes factual allegations, Plaintiff denies each such allegation.

4. The Nike Agreement[1] is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a response is required, Plaintiff denies each allegation in Paragraph 4 of the Counterclaims, except admits that the Nike Agreement, as extended, was in effect from October 2011 through September 2018.

5. Plaintiff denies each allegation in Paragraph 5 of the Counterclaims, except admits that Defendant obtained copyright registration no. VA0002097900.

6. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a response

---

[1] All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in Plaintiff's *Complaint for Declaratory Relief*, dated June 3, 2019 (the "Complaint") [Dkt. No. 1].

is required, Plaintiff denies each allegation in Paragraph 6 of the Counterclaims, except admits that he signed the Nike Agreement.

7. The article originally entitled "Kawhi Leonard Says 'The Claw' Logo Was His Idea" is a written document that speaks for itself. To the extent a response is required, Plaintiff denies each allegation in Paragraph 7 of the Counterclaims.

8. Plaintiff denies each allegation in Paragraph 8 of the Counterclaims.

9. Plaintiff denies each allegation in Paragraph 9 of the Counterclaims.

10. Plaintiff avers that Paragraph 10 contains legal arguments to which no response is required. To the extent Paragraph 10 makes factual allegations, Plaintiff denies each allegation in Paragraph 10 of the Counterclaims, except admits Defendant has alleged certain counterclaims against Plaintiff, which are identified in Defendant's Counterclaims.

**PARTIES**

11. Plaintiff admits upon information and belief the allegations in Paragraph 11 of the Counterclaims.

12. Plaintiff avers that Paragraph 12 of the Counterclaims asserts a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

13. Plaintiff avers that Paragraph 13 of the Counterclaims asserts a legal conclusion to which no response is required.

14. Plaintiff avers that Paragraph 14 of the Counterclaims asserts a legal conclusion to which no response is required.

15. Plaintiff avers that Paragraph 15 of the Counterclaims asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies each allegation in Paragraph 15 of the Counterclaims.

16. Plaintiff avers that Paragraph 16 of the Counterclaims asserts a legal conclusion to which no response is required.

17. Plaintiff avers that Paragraph 17 of the Counterclaims asserts a legal conclusion to which no response is required. To the extent a response is required, Plaintiff denies each allegation in Paragraph 17 of the Counterclaims.

## FACTS

18. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a further response is required, Plaintiff denies each allegation of Paragraph 18 of the Counterclaims, except admits that he entered into the Nike Agreement on October 26, 2011.

19. Plaintiff denies each allegation of Paragraph 19 except admits that he executed the Nike Agreement. To the extent a further response is required, Plaintiff admits that he entered into the Nike Agreement on October 26, 2011. Otherwise denied.

20. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a further response is required, Plaintiff denies the allegations of Paragraph 20 of the Counterclaims except admits that the Nike Agreement states that it would be effective as of October 1, 2011.

21. Plaintiff admits the allegations in Paragraph 21 of the Counterclaims.

22. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a further response is required, Plaintiff admits that a document entitled "NIKE Standard Terms & Conditions" was attached to the Nike Agreement.

23. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents.

24. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents.

25. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents.

26. Plaintiff admits the allegations of Paragraph 26 of the Counterclaims.

27. Plaintiff denies the allegations in Paragraph 27 of the Counterclaims, except admits that during the term of the Nike Agreement, NIKE submitted to Leonard proposed designs.

28. Plaintiff denies the allegations in Paragraph 28 of the Counterclaims.

29. Plaintiff admits the allegations in Paragraph 29 of the Counterclaims.

30. Plaintiff does not have sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30 of the Counterclaims and denies the allegations on that basis.

31. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents.

32. The Nike Agreement is a written document that speaks for itself. Plaintiff refers to the Nike Agreement for its contents.

33. Plaintiff denies the allegations in Paragraph 33 of the Counterclaims.

34. The article originally entitled "Kawhi Leonard Says 'The Claw' Logo Was His Idea" is a written document that speaks for itself. Plaintiff refers to that document for its contents. To the extent a response is required, Plaintiff denies each allegation in Paragraph 34 of the Counterclaims.

35. Plaintiff denies each allegation in Paragraph 35 of the Counterclaims, except Plaintiff admits upon information and belief that Defendant filed a copyright application for the Leonard Logo.

36. Plaintiff denies each allegation in Paragraph 36 of the Counterclaims.

37. Plaintiff denies the allegations in Paragraph 37 of the Counterclaims, except Plaintiff admits that Plaintiff filed a U.S. federal trade mark application for the Leonard Logo on or about November 7, 2017, which ultimately issued as Registration No. 5,608,427 on or around November 18, 2019.

38. The term "directed to" in Paragraph 38 of the Counterclaims is ambiguous, thereby rendering Plaintiff incapable of answering this allegation. Plaintiff refers to US trademark Registration No. 5,608,427 for its contents.

39. The Statement of Use referred to in Paragraph 39 of the Counterclaims is a publicly available document and Plaintiff refers to that document for its contents.

40. Plaintiff admits the allegations in Paragraph 40 of the Counterclaims.

41. Plaintiff denies each allegation in Paragraph 41 of the Counterclaims, except admits that the same design appears in the Leonard Registration and the Claw Design reproduced in Paragraph 28 of the Counterclaims.

42. Plaintiff denies each allegation in Paragraph 42 of the Counterclaims.

43. Plaintiff lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of the Counterclaims and denies the allegations of Paragraph 43 on that basis.

44. Plaintiff denies the allegations of Paragraph 44 of the Counterclaims, except admits that Defendant notified him in or about December 2018 that it believed that Plaintiff's use of the Leonard Logo violated the Nike Agreement.

45. Plaintiff denies each allegation of Paragraph 45 of the Counterclaims, except admits that he filed his Complaint on June 3, 2019, and refers to the Complaint for its contents.

46. Plaintiff denies each allegation of Paragraph 46 of the Counterclaims on the basis that the Complaint speaks for itself. Plaintiff refers to the Complaint for its contents.

47. Plaintiff denies each allegation in Paragraph 47 of the Counterclaims.

**ANSWER TO DEFENDANT'S FIRST CLAIM FOR RELIEF**

48. In answer to the allegations in Paragraph 48 of the Counterclaims, Plaintiff realleges each admission, averment and denial set forth herein above in response to Paragraphs 1-47 of the Counterclaims.

49. Plaintiff avers that Paragraph 49 of the Counterclaims contains a legal conclusion for which no response is required.

50. Plaintiff denies each allegation of Paragraph 50 of the Counterclaims, except admits that the US Copyright Office issued a copyright registration no. VA0002097900 to Defendant.

51. The Nike Agreement is a written contract that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a response is required, Plaintiff denies the allegations in Paragraph 51 of the Counterclaims.

52. Plaintiff denies each allegation of Paragraph 52 of the Counterclaims.

53. Plaintiff avers that Paragraph 53 of the Counterclaims contains legal conclusions to which no response is required. To the extent Paragraph 53 alleges facts, Plaintiff denies each such factual allegation in that Paragraph.

54. Plaintiff avers that Paragraph 54 of the Counterclaims contains legal conclusions to which no response is required. To the extent Paragraph 54 alleges facts, Plaintiff denies each such factual allegation in that Paragraph..

55. Plaintiff denies each allegation of Paragraph 55 of the Counterclaims, and further alleges that Plaintiff is the author of the Leonard Logo.

56. Plaintiff lacks sufficient knowledge or information to form a belief as to the allegations of Paragraph 56, and further avers that Nike has no ownership rights in or to the Leonard Logo.

**ANSWER TO DEFENDANT'S SECOND CLAIM FOR RELIEF**

57. In answer to the allegations in Paragraph 57 of the Counterclaim, Plaintiff realleges each admission, averment and denial set forth herein above in response to Paragraphs 1-56 of the Counterclaims.

58. Plaintiff avers that Paragraph 58 of the Counterclaims contains legal conclusions for which is no answer is required.

59. Plaintiff denies each allegation of Paragraph 59 of the Counterclaims, except admits that the U.S. Copyright Office registered Registration No. VA0002097900 to Nike.

60. Plaintiff denies each allegation of Paragraph 60 of the Counterclaims.

61. Plaintiff denies each allegation of Paragraph 61 of the Counterclaims.

62. Plaintiff avers that Paragraph 62 of the Counterclaims contains legal conclusions for which no response is required. To the extent Paragraph 62 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation.

63. Plaintiff avers that Paragraph 63 contains legal conclusions which for no response is required. To the extent Paragraph 63 contains factual allegations, Plaintiff denies each allegation of Paragraph 63 of the Counterclaims except admits to receiving a letter from Defendant, and refers to that letter for its contents.

64. Plaintiff avers that Paragraph 64 of the Counterclaims contains legal conclusions for which no response is required. To the extent Paragraph 64 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation.

65. Plaintiff avers that Paragraph 65 of the Counterclaims contains legal conclusions for which no response is required. To the extent Paragraph 65 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation.

66. Plaintiff admits the allegations of Paragraph 66 of the Counterclaims.

## ANSWER TO DEFENDANTS' THIRD CLAIM FOR RELIEF

67. In answer to the allegations in Paragraph 67 of the Counterclaim, Plaintiff realleges each admission, averment and denial set forth herein above in response to Paragraphs 1-66 of the Counterclaims.

68. The Nike Agreement is a written contract that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a response is required, Plaintiff denies each allegation in Paragraph 68 of the Counterclaims.

69. Plaintiff denies the allegations of Paragraph 69 of the Counterclaims, except admits that, on or about April 14, 2014, Plaintiff provided Defendant with the Leonard Logo. Plaintiff further avers that Leonard created the Leonard Logo prior to the initial term of the Nike Agreement and while attending SDSU.

70. To the extent Paragraph 70 of the Counterclaims refers to interview statements, those statements are written documents that speak for themselves. Plaintiff refers to those documents for their contents. To the extent a response is required, Plaintiff denies each allegation in Paragraph 70 of the Counterclaim.

71. Plaintiff denies the allegations of Paragraph 71 of the Counterclaims, except admits that he filed an application with the U.S. Copyright Office to register his Leonard Logo.

72. Plaintiff avers that Paragraph 72 of the Counterclaims contains legal conclusions for which no response is required. To the extent Paragraph 72 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation.

**ANSWER TO DEFENDANT'S FOURTH CLAIM FOR RELIEF**

73. In answer to the allegations in Paragraph 73 of the Counterclaim, Plaintiff realleges each admission, averment and denial set forth herein above in response to Paragraphs 1-72 of the Counterclaims.

74. The Nike Agreement is a written contract that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a response is required, Plaintiff denies each allegation of Paragraph 74 of the Counterclaims, except admits that he entered into the Nike Agreement on or about October 26, 2011.

75. Plaintiff avers that Paragraph 75 of the Counterclaims asserts legal conclusions for which no response is required. To the extent Paragraph 72 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation.

76. Plaintiff avers that Paragraph 76 of the Counterclaims asserts legal conclusions for which no response is required. To the extent Paragraph 72 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation

77. Plaintiff avers that Paragraph 77 of the Counterclaims asserts legal conclusions for which no response is required. To the extent Paragraph 77 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation.

78. Plaintiff avers that Paragraph 78 of the Counterclaims asserts legal conclusions for which no response is required. To the extent Paragraph 78 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation.

79. Plaintiff avers that Paragraph 79 of the Counterclaims asserts legal conclusions for which no response is required. To the extent Paragraph 79 of the Counterclaims contains factual allegations, Plaintiff denies each such allegation.

## ANSWER TO DEFENDANT'S FIFTH CLAIM FOR RELIEF.

80. In answer to the allegations in Paragraph 80 of the Counterclaim, Plaintiff realleges each admission, averment and denial set forth herein above in response to Paragraphs 1-79 of the Counterclaims.

81. The Nike Agreement is a written contract that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a response

is required, Plaintiff denies each allegation of Paragraph 81 of the Counterclaims, except admits that he entered into the Nike Agreement on October 26, 2011.

82. Plaintiff avers that Paragraph 82 asserts legal conclusions for which no response is required.

83. Plaintiff avers that Paragraph 83 asserts legal conclusions for which no response is required. To the extent a response is required, Plaintiff denies each allegation of Paragraph 83 of the Counterclaims.

84. Plaintiff avers that Paragraph 84 asserts legal conclusions for which no response is required. To the extent a response is required, Plaintiff denies each allegation of Paragraph 84 of the Counterclaims.

85. Plaintiff avers that Paragraph 85 of the Counterclaims asserts a legal conclusion for which no response is required. To the extent a response is required, Plaintiff denies each allegation of Paragraph 85 of the Counterclaims.

86. Plaintiff avers that Paragraph 86 of the Counterclaims asserts legal conclusions for which no response is required. To the extent a response is required, Plaintiff denies each allegation of Paragraph 86 of the Counterclaims.

## ANSWER TO DEFENDANT'S SIXTH CLAIM FOR RELIEF

87. In answer to the allegations in Paragraph 87 of the Counterclaim, Plaintiff re alleges each admission, averment and denial set forth herein above in response to Paragraphs 1-86 of the Counterclaims.

88. The Nike Agreement is a written contract that speaks for itself. Plaintiff refers to the Nike Agreement for its contents. To the extent a response is required, Plaintiff denies each allegation of Paragraph 88 of the Counterclaims, except admits that he entered into the Nike Agreement on October 26, 2011.

89. Plaintiff avers that Paragraph 89 asserts legal conclusions for which no response is required.

90. Plaintiff avers that Paragraph 90 asserts legal conclusions for which no response is required. To the extent a response is required, Plaintiff denies each allegation of Paragraph 90 of the Counterclaims.

91. Plaintiff avers that Paragraph 91 asserts legal conclusions for which no response is required. To the extent a response is required, Plaintiff denies each allegation of Paragraph 91 of the Counterclaims.

92. Plaintiff avers that Paragraph 92 asserts legal conclusions for which no response is required. To the extent a response is required, Plaintiff denies each allegation of Paragraph 92 of the Counterclaims.

## GENERAL DENIAL

Except as otherwise expressly admitted in Paragraphs 1 through 92 above, Plaintiff denies each and every allegation of Paragraphs 1 through 92 of the Counterclaims, including, without limitation, the headings and sub-headings contained in the Counterclaims, and specifically deny any liability to Defendant.

## AFFIRMATIVE DEFENSES

Plaintiff states the following as affirmative defenses without conceding that Plaintiff has either burden of pleading or of persuasion as to each of these legal principles.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Defendant's Counterclaims and each count therein fails to state facts sufficient to constitute a claim for relief against Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

**(Copyright Ownership)**

Defendant's Counterclaims and each count therein fail because Plaintiff, not Defendant, is the exclusive owner of the Leonard Logo.

## THIRD AFFIRMATIVE DEFENSE

Defendant has failed to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrines of waiver, estoppel and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred by the doctrine of laches and acquiescence.

**SIXTH AFFIRMATIVE DEFENSE**

Any harm suffered by Defendant is the result of its own conduct and/or non-performance.

**SEVENTH AFFIRMATIVE DEFENSE**

No acts or omissions by the Plaintiff caused any harm to Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant has not suffered any injury.

**ADDITIONAL DEFENSES**

Plaintiff reserves the right to assert additional defenses based on information learned or obtained during discovery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Judgment be entered in Plaintiff's favor as to the entire action, and dismiss all Counterclaims by Defendant with prejudice;

(2) Plaintiff be awarded its costs and expenses of suit, including reasonable attorneys' fees, incurred in the defense of Defendant's Counterclaims; and

(3) Plaintiff be awarded all such other and further relief as deemed just and proper.

Dated: August 28, 2019

SULLIVAN & WORCESTER, LLP

By: /s/Peter R. Ginsberg

Peter R. Ginsberg
prginsberg@sullivanlaw.com
Mitchell C. Stein *(admitted pro hac vice)*
mstein@sullivanlaw.com
1633 Broadway
New York, NY 10019
Tel: 212.660.3000
Fax: 212.660.3001

Nathaniel R.B. Koslof *(admitted pro hac vice)*
nkoslof@sullivanlaw.com
One Post Office Square
Boston, MA 02109
Tel.: 617.338.2800
Fax.: 713.338.2880

-and-

DUCKOR SPALDING METZGER & WYNNE
A Law Corporation

By: /s/Scott L. Metzger

Scott L. Metzger
metzger@dsmwlaw.com
3043 4th Avenue
San Diego, CA 92103
Tel.: 619.209.3000
Fax: 619.209.3043

William Patrick Keith
keith@dsmw.com
101 W. Broadway, Suite 1700
San Diego, CA 92101
Tel.: 619.209.3000
Fax: 619.209.3042

*Attorneys for Plaintiff Kawhi Leonard*

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 28, 2019.

/s/ Peter R. Ginsberg