SULLIVAN & WORCESTER LLP
Peter R. Ginsberg (admitted *pro hac vice*)
Mitchell C. Stein (admitted *pro hac vice*)
1633 Broadway
32nd Floor
New York, NY 10019
212-660-3000
Fax: 212-660-3001
Email: prginsberg@sullivanlaw.com
Email: mstein@sullivanlaw.com

-and-

Nathaniel R. B. Koslof (admitted *pro hac vice*)
One Post Office Square
Boston, MA 02109
617-338-2439
Fax: 617-338-2880
Email: nkoslof@sullivanlaw.com

-and-

Renee E. Rothauge
Markowitz Herbold PC
1455 SW Broadway
Suite 1900
Portland, OR 97201
503-295-3085
Fax: 503-323-9105
Email: ReneeRothauge@markowitzherbold.com

*Attorneys for Plaintiff Counterclaim Defendant Kawhi Leonard*


B. John Casey, OSB No. 120025
John.casey@stoel.com
Tyler J. Killeen, OSB No. 165136
Tyler.killeen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

-and-

Tamar Y. Duvdevani (admitted *pro hac vice*)
Matthew Ganas (admitted *pro hac vice*)
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
212-335-4500
Fax: 212-335-4501
Email: matt.ganas@us.dlapiper.com
Email: tamar.duvdevani@us.dlapiper.com

*Attorneys for Defendant Counterclaimant NIKE, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| KAWHI LEONARD, <br><br> Plaintiff <br> Counterclaim Defendant, <br><br> v. <br><br> NIKE INC., <br><br> Defendant <br> Counterclaimant. | Case No. 3:19-cv-01586-MO <br><br> **JOINT RULE 26 REPORT** |

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this Joint Rule 26 report as required by Federal Rule of Civil Procedures 16(b) and 26(f), District of Oregon Local Rule 26-1 and this Court's Docket Order setting a Scheduling Conference for November 14, 2019 at 9:00 a.m. (PST).

### A. DISCOVERY PLAN

1. Rule 26(a)(1) Disclosures

The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **December 16, 2019**.

2. <u>Scope of Discovery and Discovery Dates</u>

All discovery will be conducted pursuant to the Federal Rules of Civil Procedure. No deviation from the Federal and Local Rules is requested at this time.

The parties anticipate completing a round of written discovery before taking depositions.

The parties do not presently anticipate any unusual legal issues in this case, and, therefore, do not believe discovery should be conducted in phases or only as to certain issues.

As set forth in Paragraph C below, Defendant Counterclaimant NIKE, Inc. ("NIKE") will file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on or before December 20, 2019. Because NIKE believes that this motion will be dispositive of the entire case, it also will move for a stay of discovery during the pendency of the motion, and respectfully submits that a schedule should be ordered only after the Court has ruled on NIKE's anticipated 12(c) motion.[1] Plaintiff Counterclaim-Defendant Kawhi Leonard ("Leonard") has proposed that fact discovery shall be completed by **June 1, 2020**, and expert discovery shall be completed by **September 1, 2020**. To the extent the Court is disinclined to stay discovery, NIKE does not object to Plaintiff's proposed schedule.

3. <u>Electronically Stored Information</u>

The parties have met and discussed electronically stored information, as required by Local Rule 26-1. The parties agree to use their best efforts to produce electronically stored information in the format preferred by the requesting party.

---

[1] NIKE is prepared to exchange Initial Disclosures on or before December 16, 2019 as proposed by Leonard regardless as to whether its anticipated motion to stay is granted.

4. Discovery Limitations

   i. *Depositions*

Absent good cause shown, all depositions shall occur on or before the discovery cutoff date. A deposition that was started on or before the discovery cutoff date may continue beyond the cutoff date if necessary for completion. Absent good cause shown, depositions shall be limited to no more than **10** per side (excluding experts).

   ii. *Written Discovery*

The parties agree that Interrogatories shall be limited to **25** per side.

The parties agree that requests for production of documents shall be limited to **50** per side.

   iii. *Nationwide Service of Trial Subpoenas*

Due to the geographic dispersion of potential witnesses in this action, the parties request permission, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district.

5. Pre-Trial Disclosures

   i. *Witness Lists*

Leonard has requested that the parties exchange initial witness lists as part of the initial disclosure on or before **December 16, 2019**. NIKE does not agree that an exchange of initial witness lists is contemplated by the Federal Rules, and as such, submits that the only "witness" information required to be exchanged in connection with the Initial Disclosures is set forth in Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff also proposed that each party may amend its initial witness list by no later than **May 1, 2020**. For the same reasons NIKE does not agree with an "initial witness list" deadline, NIKE does not agree with this deadline, but rather submits that the parties should

be bound only by their continuing obligations to amend their Initial Disclosures should new information become available during the course of discovery.

No later than **November 2, 2020**, the parties shall exchange lists of witnesses that each party will or may call at trial during its case-in-chief.

    ii. *Exhibit Lists*

No later than **November 2, 2020**, the parties shall exchange lists of exhibits that each party anticipates introducing at trial during its case-in-chief, as well as a marked set of these exhibits. Such lists will be compiled in an agreed-upon electronic format listed by Bates number. The parties will also endeavor to agree upon reasonable limits on the number of trial exhibits that may be designated by each side. All documents contained on a party's exhibit list must have been previously produced during discovery in this case. The parties will exchange objections to the exhibits offered by the other party no later than **December 1, 2020**. Exhibit lists need not include exhibits used solely for purposes of cross-examination or rebuttal.

The parties will endeavor to resolve any objections regarding the authenticity or admissibility of all exhibits in advance of their use. Any objections to exhibits that are not resolved by the parties after they have conferred will be resolved by the Court.

    iii. *Deposition Designations*

The parties shall exchange (page and line number) designations of depositions testimony to be offered at trial no later than **December 7, 2020**. Each party must provide objections to deposition testimony no later than **December 17, 2020**. Each party must provide counter designations to deposition testimony no later than **December 23, 2020**. Objections to any counter designations shall be exchanged no later than **December 31, 2020**.

6. Pre-Trial Conference

The pre-trial conference shall be held on **January 18, 2021** unless otherwise directed by the Court.

7. Trial

Trial shall commence on **July 12, 2021**, or as soon thereafter as the Court calendar permits.

B. **COMPLEX CASES**

The parties agree that this is not a complex case, insofar as the Manual for Complex Litigation (current edition) should not be used in this case.

C. **MOTION PRACTICE**

As set forth in Paragraph (A)2, NIKE will file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P 12(c) that, if granted, would fully adjudicate the parties' respective claims of copyright ownership and fraud on the Copyright Office, and NIKE's claims of copyright infringement and breach of contract. In connection therewith, NIKE also plans to seek a stay of discovery while its Rule 12(c) motion is pending.

The parties may file motions for summary judgment or partial summary judgment relating to the claims in the Complaint. The parties agree that the deadline for all dispositive motions is **September 15, 2020**, and that, if necessary, a hearing on dispositive motions shall be held on **December 1, 2020**, unless otherwise directed by the Court. The parties agree that the deadline for all motions in limine and Daubert motions is **February 15, 2021**, and that, if necessary, a hearing on motions in limine and Daubert motions shall be held on **April 1, 2021**, unless otherwise directed by the Court.

D.  **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION**

The parties are currently engaging in informal settlement discussions but will not request a Mandatory Settlement Conference. Pursuant to Local Rule 16-4, the parties shall have their ADR Conference by **February 17, 2020** and shall file a Joint ADR Report by **March 16, 2020**.

E.  **TRIAL ESTIMATE**

The parties have requested a jury trial and estimate the trial to last approximately **10** court days.

F.  **ADDING PARTIES/AMENDMENT OF PLEADINGS**

The parties do not anticipate any additional parties being added to the case or any further amendment of the pleadings.

G.  **EXPERT WITNESSES**

Plaintiff's initial expert report(s) will be delivered to Defendant by **July 1, 2020**. Defendant's initial expert report(s) will be delivered to Plaintiff by **July 15, 2020**. The deadline for both parties to deliver rebuttal expert report(s) will be **August 7, 2020**. The deadline for both parties to take depositions of experts is **September 1, 2020**.

| Relevant Events/Dates | |
|---|---|
| Scheduling Conference | November 14, 2019 |
| Exchange Initial Disclosures | December 16, 2019 |
| Deadline to have ADR Conference | February 17, 2020 |
| Deadline to file Joint ADR Report | March 16, 2020 |
| **Plaintiff's** Proposed Deadline to Amend/Supplement Witness List (As noted in 5(i) above, **NIKE** does not agree with this deadline) | May 1, 2020 |

| | |
|---|---|
| Fact Discovery Cutoff | June 1, 2020 |
| Opening Expert Report(s) Due | July 1, 2020 |
| Rebuttal Expert Report(s) Due | August 7, 2020 |
| Deadline for Depositions of Experts | September 1, 2020 |
| Expert Discovery Cutoff | September 1, 2020 |
| Dispositive Motion Cutoff | September 15, 2020 |
| Exhibit and Witness Lists for Trial Due | November 2, 2020 |
| Objections to Exhibit Lists Due | December 1, 2020 |
| Hearing on Dispositive Motions | December 1, 2020 |
| Deposition Designations Due | December 7, 2020 |
| Objections to Deposition Designations Due | December 17, 2020 |
| Counter Deposition Designations Due | December 23, 2020 |
| Objections to Counter Designations Due | December 31, 2020 |
| Pre-Trial Conference | January 18, 2021 |
| Motions in Limine/Daubert Motions Due | February 15, 2021 |
| Hearing on Motions in Limine/Daubert Motions | April 1, 2021 |
| Trial Begins | July 12, 2021 |

*[Remainder of page intentionally left blank]*

DATED:  November 14, 2019                         SULLIVAN & WORCESTER LLP


By:  */s/ Peter R. Ginsberg*
       PETER R. GINSBERG
   Attorneys for Plaintiff Kawhi Leonard


DATED:  November 14, 2019                         DLA PIPER (US) LLP


By:  */s/ Tamar Y. Duvdevani*
       TAMAR Y. DUVDEVANI
   Attorneys for Defendant NIKE Inc.