SULLIVAN & WORCESTER LLP
Peter R. Ginsberg (admitted *pro hac vice*)
Mitchell C. Stein (admitted *pro hac vice*)
1633 Broadway, 32nd Floor
New York, NY 10019
212-660-3000
Fax: 212-660-3001
Email: prginsberg@sullivanlaw.com
Email: mstein@sullivanlaw.com

MARKOWITZ HERBOLD PC
Matthew Levin, OSB #003054
1455 SW Broadway, Suite 1900
Portland, OR  97201
Phone: 503-295-3085
Fax: 503-323-9105
Email: mattlevin@markowitzherbold.com

*Attorneys for Plaintiff Kawhi Leonard*

DLA PIPER LLP (US)
Matthew Ganas (admitted *pro hac vice*)
Tamar Duvdevani (admitted *pro hac vice*)
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
212-335-4500
Fax: 212-335-4501
Email: matt.ganas@us.dlapiper.com
Email: tamar.duvdevani@us.dlapiper.com

STOEL RIVES LLP
B. John Casey, OSB No. 120025
Tyler J. Killeen, OSB No. 165136
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503-224-3380
Fax: 503-220-2480
Email: John.casey@stoel.com
Email: Tyler.killeen@stoel.com

*Attorneys for Defendant Nike, Inc*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| KAWHI LEONARD,<br><br>　　　　　　Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>NIKE INC.,<br><br>　　　　　　Defendant-Counterclaimant. | Case No. 3:19-cv-01586-MO<br><br>**JOINT STATUS REPORT** |

By and through their attorneys of record, Plaintiff-Counterclaim Defendant Kawhi Leonard ("Plaintiff") and Defendant-Counterclaimant NIKE, Inc. ("NIKE") have prepared and hereby submit this Joint Status Report pursuant to the Court's minute order dated May 18, 2020 (ECF No. 78).

On June 2, 2020, counsel for the parties met and conferred regarding case management and scheduling in light of the Court's April 22, 2020 Minute Order (ECF No. 75) and its May 18, 2020 Opinion and Order (ECF No. 77), which collectively: (i) dismissed Plaintiff's claim for declaratory judgment with prejudice, (ii) granted NIKE's motion for judgment on the pleadings with respect to NIKE's first and sixth counterclaims and (iii) denied NIKE's motion to for judgment on the pleadings with respect to NIKE's second through fifth counterclaims. The parties also considered and discussed the ongoing impact of COVID-19 on discovery and other relevant deadlines.

Accordingly, the parties respectfully request that the discovery plan and case schedule in this action shall be amended as set forth below.

1. **Proposed Amended Fact Discovery Deadline**

The parties have agreed and request to extend certain discovery deadlines and propose that the deadline for the parties to complete document productions shall be **July 1, 2020** and that fact discovery (including the taking of depositions and any third-party discovery) shall be completed by **September 15, 2020**.

2. **Parties to Evaluate and Revert to the Court Regarding Additional Scheduling Matters (Dispositive Motion Deadline, Expert Witnesses and Proposed Trial Date) on or Before the Proposed Fact Discovery Deadline**

The parties continue to evaluate the remaining claims and defenses in this action in light of the Court's April 22 Minute Order and May 18 Opinion and Order. The parties also continue to discuss and explore potential settlement opportunities in parallel with their ongoing discovery

efforts. However, the parties presently disagree regarding scheduling and case management beyond the close of fact discovery.

First, NIKE has stated its position that expert discovery is no longer necessary in light claims and defenses remaining after the Court's orders. Plaintiff submits that any determination to forego expert discovery is premature and the testimony of expert witnesses may continue to aid the resolution of the claims remaining in this case.

Second, because the Court has narrowed the remaining issues in the case and because NIKE believes the case calendar need not include an expert discovery schedule, NIKE has proposed that the trial start date be moved forward to February 8, 2021, subject to the Court's availability and approval. Plaintiff does not agree at this time to a February 2021 trial date in light of the expected usefulness of expert witness testimony as well as the existing uncertainties regarding the National Basketball Association schedule. Plaintiff accordingly submits that the existing proposed July 12, 2021 trial date should remain in place.

In the expectation that the parties will be able to resolve these issues and in order to avoid unnecessary confusion and complexity by submitting competing case schedules to the Court, the parties have agreed to revisit these scheduling and case management issues closer to the completion of fact discovery. Accordingly, the parties intend to provide an additional status report to the Court regarding, *inter alia*, whether expert witness testimony will be presented in this case (along with a proposed amended schedule for the submission of expert reports, if applicable) and any proposed adjustments to the dispositive motion deadline and/or the trial date by **no later than September 15, 2020**.

DATED: June 8, 2020 SULLIVAN & WORCESTER LLP

By: */s/ Peter R. Ginsberg*
　　PETER R. GINSBERG
　Attorneys for Plaintiff Kawhi Leonard

DATED: June 8, 2020 DLA PIPER LLP (US)

By: */s/ Tamar Duvdevani*
　　TAMAR DUVDEVANI
　Attorneys for Defendant Nike Inc.